HEIRS OF CELESTINO ANDRADES, Plaintiffs and Appellees, *v.* JOSÉ SOSA OLIVA, Defendant and Appellant.

No. 5507. Argued February 17, 1932.—Decided November 17, 1933.

*J. H. Brown, C. Ruiz Nazario,* and *G. E. González* for appellant. *O. B. Frazer* and *R. Castro Fernández* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the Court.

A complaint in intervention in a proceeding in attachment· (*tercería*) was dismissed by a judgment which included certain pronouncements against the claimant and his sureties. When the attaching creditor sought to execute said judgment on property belonging to one of the sureties, he was re-

strained from so doing by an injunction decree, and the present appeal has been taken therefrom.

In an action brought by José Sosa Oliva against the civil partnership Rodríguez Hnos. and its two partners, judgment was entered in favor of the plaintiff for the sum of $2,109.45, with costs. Upon the judgment becoming final (*firme*), the execution sale of all the right, title, interest, and share that the defendant José V. Rodríguez might have in another firm known as López Rodríguez & Co., of which he was a partner, was advertised, but said sale was suspended by reason of an intervention proceeding instituted by the said firm of López Rodríguez & Co., who claimed as its own the rights and interests advertised for sale, and the giving of a bond with Celestino Andrades and Andrés López as sureties, in the amount of $6,000 as the rights claimed had been assessed by the marshal in $3,000, the sureties not binding themselves to the payment of costs. After the trial of the claim, judgment was entered for the defendants, imposing costs on the claimants and its sureties. A property of the surety Andrades, assessed in $10,000, was then attached in favor of Sosa Oliva to secure the sum of $2,109.45 plus $500 for costs. Notice of the judgment, as well as of the memorandum of costs presented and approved by the court in the sum of $266.50, was served only on López Rodríguez and Co. A writ of execution for the amount of said memorandum and for the sum of $2,109.45 was issued, and the sale of the attached property was advertised. Thereupon said surety applied to the district court by a motion for the dissolution of the attachment levied on his property and for the vacation of the order of sale, on the grounds that he had not been notified of the judgment imposing on him the payment of costs; that, although he had not been adjudged to pay any sum to Sosa Oliva it is sought to sell his property in order that Sosa recover the $2,109.45 of the judgment entered in his favor in his action against Rodríguez Hnos.; that in the bond he did not bind himself

to pay costs; that no demand has been made upon him to deposit the amount thereof. Said motion was denied and then he filed in this Supreme Court a petition alleging substantially the same facts set forth in the above motion and praying for a writ of certiorari to review the decision complained of, but his petition was denied, and similarly as to a motion for reconsideration filed by him. Subsequently, upon the death of Celestino Andrades, his heirs filed in the district court a petition for an injunction alleging the above facts and praying that José Sosa Oliva be enjoined from executing the judgment entered in the intervention proceeding and from collecting the $2,109.45 and the costs from the sale of the attached property of surety Andrades. In view of this petition, the court issued a restraining order; then, after hearing the plaintiff and defendant Sosa it issued a preliminary injunction; and finally, after a hearing on the merits, it rendered the judgment from which the present appeal has been taken.

The appellant in his first two assignments of error says that the lower court erred in not holding that the averments of the petition for injunction were insufficient to justify the issuance of the writ sought, because if the appellees were entitled to be served with notice of the judgment entered in the intervention and subsequent proceedings, they could have considered themselves as notified and obtained a review by the ordinary remedy of appeal, which is sufficiently speedy and effective, and that if they had no right to said notice, then the injunction did not lie, as the notice served on the claimant constituted sufficient notice to his sureties. It is also urged that the averment that petitioners suffered irreparable injury is not sufficient, because it fails to state the facts upon which such averment is based. The seventh assignment, predicated on the claim that it was error to hold that the writ of injunction lies in this case to avoid a multiplicity of suits, can be decided together with the above ones.

The Act to provide for the trial of the right to real and personal property (Comp. Stat. 1911, p. 854) prescribes that whenever any marshal or other lawful officer shall levy a writ of execution, attachment or other like writ upon any movable property, and such property, or any part thereof, shall be claimed by any person who is not a party to such writ, such person or his agent or attorney may make oath in writing before any officer authorized to administer oaths that such claim is made in good faith, and present such oath to the officer who made such levy. Section 2 provides that the claimant shall execute and deliver a bond with two sureties, for an amount equal to double the value of the property claimed, to be assessed by such officer, and that upon the approval of such bond by said officer the property will be delivered to the claimant, and shall be deemed in *custodia legis.* Section 3 provides that the bond shall be conditioned that the party making such claim, in case he fails to establish his right to such property, shall return the same to the officer making the levy in as good condition as he received it, and shall also pay the reasonable value of the use, hire, increase, and fruits thereof from the date of said bond, or in case he fails so to return said property and pay for the use, hire, increase, and fruits of the same, he shall pay the plaintiff the value of said property, with legal interest thereon from the date of the bond, and all damages and costs that may be awarded against him. According to another section of the same act, the claimant must appear within a certain period of time to substantiate his claim, and according to section 14 in all cases where any claimant of property, under the provisions of said act, shall fail to establish his right thereto, judgment shall be rendered against him and his sureties for the value of the property, with legal interest thereon from the date of such bond.

In 2 R.C.L. 55, paragraph 35, citing several decisions, it is said that the most numerous class of persons, not parties

to a suit, who claim the right to appeal under the statutes as persons aggrieved are sureties on official bonds, and that the decided weight of authority sustains the right of such a surety to appeal from a judgment against his principal, upon the theory that as the surety, in the absence of fraud or collusion, is bound by a judgment against his principal, he is a party aggrieved. Such a right to appeal arises even more clearly in judgments entered in actions for the trial of the right of property (*tercerías*), as it is provided by law that the judgment shall be rendered against the principal and his sureties, for the value of the property, where the claimant of the property fails to establish his right thereto. This pronouncement against the sureties, who were not parties to the suit, is a liability imposed on them by the judgment, and as they are prejudiced by said judgment they have a right to appeal. In the instant case, the judgment did not adjudge the claimant and his sureties to pay the value of the property claimed as provided by law, but adjudged the sureties to pay the costs of the action without express authority of the law, and in disregard of the fact that the sureties had not bound themselves to the payment of costs. Feeling aggrieved by said pronouncement in the judgment, the sureties had a right to appeal. The sureties were not parties to the suit, but the fact that they were adjudged to pay costs converted them into aggrieved parties, to whom notice of the judgment should have been given by the clerk, in accordance with the Code of Civil Procedure, in case they should decide to appeal therefrom, or if not, so that the judgment might become final (*firme*) as to them and be executed on their property; and although they could have considered themselves as notified of the judgment for the purpose of the appeal, yet they were not bound in law to do so. Notice of the judgment was not served on them.

The fact that the sureties had and still have available the right of appeal in this kind of proceedings is no bar to the

issuance of a writ of injunction, since, as we have repeatedly declared the ordinary remedy by appeal is not always adequate, speedy, and effective. In an appeal the only question that could be considered or determined would be whether or not the sureties were properly adjudged to pay costs; but as the property of Andrades had been attached and advertised for sale at public auction in order to collect a certain sum for costs, not awarded in said judgment but in a subsequent proceeding wherein the surety took no part, and as it was sought to sell his property on execution for the payment of $2,109.45, which he had not been adjudged to pay, we have no doubt that injunction was the proper remedy notwithstanding the complainant succession had a right of appeal.

The contention of the appellant that the petition for injunction fails to show that the Andrades Succession will suffer irreparable damages is untenable, because from the petition it appears that it is sought to sell its property for the payment of a certain sum of money which it has not been adjudged to pay; which sale, if made, will doubtless cause serious prejudice to the complainant, as the latter will be deprived of the benefits of its property, for, although it might recover them in another suit, it runs the risk of losing the rents and profits of its property, since notwithstanding the fact that the appellant at present owns property sufficient to answer therefor, it can not be foreseen what would be the situation at the termination of said suit. And if the property is acquired by a third person under the protection of a *bona fide* sale at public auction, then the situation would be more difficult for the Andrades Succession. The foregoing also shows that the present injunction seeks to avoid a multiplicity of suits. There is another assignment of error which is also disposed of by the above reasoning, to wit the sixth assignment, wherein it is charged that the lower court erred in rendering the judgment appealed from based on the failure to notify Andrades of the judgment in the in-

tervention proceedings and of the subsequent orders, and on irregularities in said action which could have been corrected in the ordinary course of the proceedings.

By the third assignment it is maintained that the trial court erred in holding that the questions involved in the instant case had already been considered and decided in the certiorari proceeding brought by Celestino Andrades in this Supreme Court. It is true that the averments contained in the petition for certiorari are substantially the same as those set forth in the motion for nullity presented by Andrades to the district court and identical to those made in the complaint for injunction filed by his heirs, and that in the petition for certiorari the question of the failure to serve Andrades with notice of the judgment in the intervention proceeding was raised. Perhaps our decision discharging the writ of certiorari was due to the fact that Andrades could have appealed from the judgment, as we said before, but we have also declared that notwithstanding the existence of a right of appeal, in view of the circumstances of this case, the writ of injunction lies. In any event, our decision in the certiorari proceeding and our refusal to reconsider the same did not explicitly decide any question against Andrades. The granting of a writ of certiorari is a discretionary matter.

The fourth assignment of error is without merit, since, if the final order granting the writ of injunction is proper, it should not be reversed because the lower court, upon issuing the preliminary injunction, did not consider the questions of law raised by the defendant, the more so when no appeal was taken therefrom.

The last two assignments of error are that the final judgment in the injunction proceedings is contrary to law and the proven facts. Both assignments are covered by the reasoning above stated. In one of them it is urged that no appeal could be taken by Andrades from the judgment entered in the intervention proceedings because he was not a party

to the proceedings. We have said at the beginning that the pronouncements against Andrades in that judgment made him a party. Even if that conclusion of the appellant were correct, the injunction herein would still lie.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.